# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA ASHEVILLE DIVISION

## CIVIL NO.  1:06CV85-T
## (1:03CR4-T)

| | |
|---|---|
| DANNY CARLTON GRIPPER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )    **MEMORANDUM** |
| | )    **AND ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed March 13, 2006; the Respondent's answer and motion for summary judgment filed October 30, 2007; and Petitioner's response thereto filed December 26, 2007.

For the reasons stated below, Petitioner's motion is granted in part.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 28, 2003, Petitioner was charged with bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One); armed bank robbery, in

violation of 18 U.S.C. 2113(d) (Count Two); using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Four). **Bill of Indictment, filed January 28, 2003**. On April 7, 2003, the Grand Jury returned a superseding bill of indictment, charging Petitioner with the same four offenses charged in the original indictment, with the modification that the prior conviction referenced in Count Four (the § 922(g) offense) was identified as a strong-armed robbery for which Petitioner was convicted on June 14, 1995, in South Carolina. **Superseding Bill of Indictment, filed April 7, 2003**, at 2.

On April 17, 2003, the undersigned conducted a hearing on the Petitioner's request to dismiss his court-appointed counsel, Stanford Clontz, and proceed to trial *pro se*. **Transcript of Motion Proceedings, filed May 3, 2004**. In granting his request, the Court found that the Petitioner understood his right to an attorney, his right to a court-appointed counsel if he could not afford to retain counsel, his constitutional right to represent himself, and the limitations and pitfalls of such a decision. *Id*. **at 15-16**. With the Petitioner's consent, the Court appointed Clontz to serve as standby counsel. *Id*. **at 17-18.**

Through his standby counsel, Petitioner filed a number of pretrial motions. One of these motions sought to subpoena witnesses for his trial.[1] *See* **Motion for Subpoenas, filed April 17, 2008.** The motion was denied on the grounds that Petitioner did not provide addresses or telephone numbers for these witnesses and failed to identify how the testimony of each witness was necessary for his presentation of an adequate defense. **Order, filed April 24, 2003**.

On May 5, 2003, Petitioner's criminal case was called for trial. His pretrial motions to dismiss the superseding indictment and to suppress evidence were heard by the Court and denied. **Transcript of Trial Proceedings, Vol. I, filed March 3, 2004, at 7-14.** His oral motion for severance of Count Four was likewise denied. *Id.* **at 15.** The Court next heard argument from the Petitioner regarding his supplemental motion for the issuance of subpoenas at Government expense, in which he provided addresses and telephone numbers for most of the witnesses he sought to subpoena. *See* **Supplement to Motion filed April 17, 2003, filed May 5, 2003.** Petitioner stated that certain of his witnesses were necessary to

---

[1] The Court notes that the original motion to subpoena witnesses was filed by Mr. Clontz on April 17, 2008, prior to the Court appointing him to serve as standby counsel.

support his alibi defense, as fact witnesses to the robbery, as a witness to the criminal history of a person suspected to have committed the robbery, while others might be needed for rebuttal evidence in the event Petitioner's "financial desperation" was offered by the Government as a possible motive for the bank robbery. *Id.* This supplemental motion was filed by the Petitioner on the morning of trial and the Court declined to continue the trial in order to permit Petitioner to subpoena his witnesses. **Trial Transcript, Vol. I, at 16-18**. The Court explained to Petitioner that he had denied his motion to subpoena the witnesses approximately two weeks prior. Petitioner argued that his prime witness, his stepson Robert Whiteside, was in Durham and he did not know until that morning that trial was to begin that day. The Court noted that it had informed Petitioner two weeks prior as to when his trial would begin and that Petitioner had "ample opportunity" to prepare his case. *Id.* **at 17;** *see also* **Transcript of Motion Proceedings,** *supra***, at 16.** Jury selection then began; after a two-day trial, the jury found Petitioner guilty on all counts of the superseding indictment. **Verdict Sheet, filed May 6, 2003**.

A Presentence Report was prepared for Petitioner's sentencing hearing. In calculating Petitioner's offense level, the probation officer

recommended a two-level enhancement for obstruction as to each of the bank robbery and § 922(g) offenses on the basis that Petitioner had attempted to influence a witness to file a false report with local law enforcement authorities and, thereby, to alter the evidence to be presented at trial. **Presentence Investigation Report, prepared October 20, 2003, at 7-8.** The Probation Officer also recommended an additional two-level enhancement for the bank robbery offense because the property of a financial institution was taken. *Id*. **at 6.** Taken together, this resulted in an adjusted offense level of 24 for these offenses. *Id*. **at 8.** When combined with a criminal history category of III, the Petitioner was subjected to a Guideline range of imprisonment of 63 to 78 months plus a mandatory consecutive sentence of 84 months on the § 924(c) violation. *Id*. **at 17.** Petitioner did not file objections to the presentence report.

On November 21, 2003, Petitioner appeared with counsel for sentencing.[2] After hearing from standby counsel and Petitioner, the Court sentenced Petitioner to 72 months imprisonment as to the bank robbery

---

[2] Even though Mr. Clontz remained Petitioner's standby counsel during sentencing, both he and the Petitioner addressed the Court concerning punishment. ***See* Transcript of Sentencing Hearing, filed March 3, 2004, at 3-9.**

charges contained in Counts One and Two and unlawful possession of a firearm by a felon contained in Count Four, to be served concurrently, and to 84 months imprisonment as to the § 924(c) charge contained in Count Three, to be served consecutively to the other terms, for a total term of imprisonment of 156 months. ***See* Sentencing Transcript, *supra*, at 15; Judgment in a Criminal case, filed December 9, 2003**. Petitioner timely filed a notice of appeal on November 24, 2003.

On appeal, Petitioner argued, (1) that the Court erred in denying Petitioner's request to issue subpoenas for alibi witnesses at Government expense; (2) that the Court erred by excluding evidence as to alternative, viable suspects of the crime; (3) that there was insufficient evidence to support the jury's verdict; (4) that the Court erred in denying Petitioner's request to sever the § 922(g) charge contained in Count Four from the other counts for purposes of trial; (5) that the Court erred in refusing to instruct the jury, as requested by Petitioner, that no witness directly identified Petitioner and that two of the three eyewitnesses had identified someone other than Petitioner as the bank robber; and (6) that the Court erred in enhancing Petitioner's sentence from five to seven years imprisonment on the basis that he brandished the firearm during the bank

robbery in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). ***United States v. Gripper*, 122 F. App'x 15 (4ᵗʰ Cir. 2005).** On January 28, 2005, the Fourth Circuit affirmed this Court's judgment, holding that this Court did not abuse its discretion in denying Petitioner's request to subpoena alibi witnesses at Government expense or in refusing to admit several pieces of alleged exculpatory evidence at trial. ***Id.* at 17.** The Fourth Circuit also rejected Petitioner's claim that his sentence ran afoul of *Blakely*, noting that "the charge of brandishing a weapon was presented to and found by the jury." ***Id.* at 19.** The Circuit found no merit in Petitioner's remaining claims and affirmed Petitioner's sentence and conviction. ***Id.***

On March 13, 2006, Petitioner timely filed this motion pursuant to 28 U.S.C. § 2255, and later moved to amend his initial filing. **Motion to Amend, filed October 2, 2006**. On July 23, 2007, this Court granted Petitioner's motion to amend and directed the Government to respond to Petitioner's claims in both the original motion and the amendment. **Order, filed July 23, 2007.** The Government filed its response and moved for summary judgment. **Government's Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed October 30, 2007; Government's Motion for Summary Judgment, filed October 30, 2007.**

Thereafter, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was afforded the opportunity to respond to the Government's filings. **See Order, filed November 2, 2007.** On December 26, 2007, the Petitioner responded to the Government's response and motion for summary judgment and stated therein that he was entitled to "summary judgment on the factual background." **Petitioner's Response, filed December 26, 2007, at 4-5.**


## II. STANDARD OF REVIEW

_____Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant summary judgment when the pleadings and other relevant documents reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." ***See, e.g. Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986); **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 252 (1986); **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986); **Miller v. Leathers**, 913 F.2d 1085, 1087 (4th Cir. 1990).*

A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson**, 477 U.S.*

**at 248.** However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere existence of a scintilla of evidence" is insufficient to overcome summary judgment. *Id.* at **252.**

_____ ### III. ANALYSIS

Petitioner claims in his original and amended pleadings that, (1) the Court erred in sentencing him under 18 U.S.C. § 922(g) because Petitioner did not have a predicate felony offense sufficient to support a conviction under § 922(g) and because his civil rights had been restored, his possession of a firearm was not unlawful; (2) that his Fourth Amendment right to be free from unreasonable search and seizure was violated by the seizure of the firearm; (3) that trial counsel's representation was ineffective because counsel had failed to provide sufficient information to the Court to support the issuance of the subpoenas requested by the Petitioner; (4) that the Court erred in sentencing Petitioner for a crime with which he was never charged; (5) that this Court lacked subject matter jurisdiction of this case because the indictment failed to allege the type of firearm used in the offenses; (6) that this Court erred in sentencing him for both bank robbery,

a violation under 18 U.S.C. § 2113(a) and armed bank robbery, a violation under 18 U.S.C. § 2113(d); and (7) that his trial counsel was ineffective for permitting Petitioner to be tried on a mutliplicitous indictment in violation of double jeopardy.  **Motion to Vacate, filed March 13, 2006; Motion to Amend,** *supra*.


**A.      Petitioner Was Improperly Sentenced for Both Bank Robbery, Under 18 U.S.C. § 2113(a) and Armed Bank Robbery, Under 18 U.S.C. § 2113(d)**

Petitioner asserts that this Court committed error in sentencing him for convictions for both bank robbery under 18 U.S.C. § 2113(a) and armed bank robbery under 18 U.S.C. § 2113(d).  Petitioner is correct that § 2113(a) is a lesser included offense of § 2113(d) and that the imposition of a sentence on both counts violated his right not to be placed in jeopardy twice for the same offense under the Double Jeopardy Clause of the United States Constitution.  *See United States v. Midgett*, **488 F.3d 288, 302 (4ᵗʰ Cir. 2007);** *United States v. Whitley*, **759 F.2d 327, 331 (4ᵗʰ Cir. 1985).**  The Court notes that while Petitioner did not raise this issue on direct appeal, the Government does not assert procedural bar as a barrier to relief.  Indeed,  the Government concedes that § 2113(a) is a lesser

included offense of § 2113(d) and that the imposition of a sentence on both counts violated Petitioner's rights under the Double Jeopardy Clause of the Constitution. **Government's Answer, at 11.** Therefore, Petitioner's Judgment will be vacated as to Count One and the Clerk will be directed to prepare an amended judgment in accordance herewith.

**B. Petitioner's Standby Counsel Was Not Ineffective**

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977).**

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but

for counsel's performance, the outcome would have been different.
***Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998)**.  Rather, the Court
"can only grant relief under . . . Strickland if the 'result of the proceeding
was fundamentally unfair or unreliable.'" ***Id.* (quoting *Lockhart v.
Fretwell*, 506 U.S. 364, 369-70 (1993)).**  Under these circumstances, the
petitioner "bears the burden of proving *Strickland* prejudice." ***Fields*,
*supra,* at 1297 (citing *Hutchins*, *supra*).**

Whether Petitioner can even assert an ineffective assistance of
counsel claim against standby counsel is suspect since Petitioner waived
his Sixth Amendment right to counsel and chose to represent himself
during his criminal proceedings.  ***See Faretta v. California*, 422 U.S. 806,
836 (1975)**.  When a defendant does so, the trial court, as it did for
Petitioner here, may appoint standby counsel to assist the *pro se*
defendant.  ***Id.* at 834 n. 46**.  However, there is "no constitutional right to
hybrid representation," where the defendant "share[s] the duties of
conducting [his] defense with a lawyer." ***United States v. Schmidt*, 105
F.3d 82, 90 (2d Cir. 1997) (citing *McKaskle v. Wiggins*, 465 U.S. 168,
183 (1984))**.  Without a constitutional right to standby counsel, a defendant
generally cannot prove standby counsel was ineffective.  ***United States v.***

***Cochrane*, 985 F.2d 1027, 1029 n.1 (9th Cir. 1993) (rejecting ineffective assistance of standby counsel argument in this context without foreclosing argument in future); *United States v. Windsor*, 981 F.2d 943, 947 (7th Cir. 1992) ("court knows of no constitutional right to effective assistance of standby counsel"); *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998) ("without a constitutional right to standby counsel, a defendant is not entitled to relief for ineffectiveness of standby counsel") (citing *Schmidt, supra*).**

Assuming *arguendo* that Petitioner can assert a claim of ineffective assistance against standby counsel, his claims fail pursuant to the two-part test outlined in *Strickland*.  Petitioner alleges that Clontz, acting in his capacity as Petitioner's court-appointed attorney, failed to provide the Court with the necessary information in the motion to secure subpoenas for the witnesses Petitioner sought to call in his defense.  **See Motion, filed April 17, 2003.**  This motion was denied because no phone numbers or addresses for the witnesses were provided nor did the motion include specific information as to how the testimony was necessary for an adequate defense as is required by Rule 17(b).  **See Order, filed April 24, 2003.**  When Petitioner's case was called for trial on May 5, 2003 (some

two weeks later), Clontz, in his capacity as standby counsel, filed a supplement to the motion for subpoenas at Petitioner's request and information missing from the original motion was provided. **Supplement to Motion**, **filed May 5, 2003.** However, because the Petitioner in his *pro se* capacity had not supplemented the motion in a timely manner, the Court again denied Petitioner's motion for subpoenas. **Trial Transcript, Vol. I at 16-18.** Not only was the Court's decision to deny Petitioner's motion and proceed to trial upheld by the Fourth Circuit, Petitioner has not submitted affidavits from any of the listed witnesses or any other evidence suggesting that had those witnesses been subpoenaed, there is a reasonable probability he would not have been convicted of the charged offenses.[3] It is the Court's recollection, however, that the evidence presented at trial was strong regarding Petitioner's guilt.

Petitioner has not shown that standby counsel was deficient or that he was prejudiced by not having these witnesses available. In fact,

---

[3] Petitioner submitted an affidavit from one witness, Richard Whiteside, who averred that had he been subpoenaed to testify at Petitioner's trial, he would have stated that on the day of the robbery, "18 Oct. 2002," he, the Petitioner, and Terrance Modowell were "together running errands" from 1:00 p.m. until 4:00 p.m. *See* **Affidavit of Richard Whiteside,** *attached to* **Petitioner's Response, at 1.** However, the record shows the bank robbery took place on October 15, 2002.

standby counsel avers that he discussed these witnesses with the Petitioner, that he advised the Petitioner the witnesses would not be "particularly helpful" in his defense, and that it was his recollection that he and the Petitioner reached a "mutual agreement" not to issue the subpoenas. **Exhibit 7, Affidavit of Stanford K. Clontz, *attached to* Government's Response, ¶ 5.** Counsel's recollection that the witnesses would not be particularly helpful to the Petitioner is further supported by the fact that several of these witnesses had been interviewed during the bank robbery investigation and had given conflicting testimony as to their (and Petitioner's) whereabouts on the day in question. ***See* Government's Second Motion to Disclose Alibi Defense, filed March 11, 2003.** Attached to counsel's affidavit, is a copy of a letter he wrote to the Petitioner on May 1, 2003, wherein he described evidence he believed would be helpful to Petitioner, offered photographs he had taken of the crime scene, and provided Petitioner with transcripts of tape recordings likely to be offered by the Government. **Exhibit 2, *attached to* Clontz Affidavit, *supra*.** He also offered his assistance with trial strategy.

> I have been trying to help you by doing some things for you that you cannot possibly do from the jail such as interviewing witnesses, taking crime scene pictures, etc. I believe there are some things I can tell you that will help you, and I [am] willing to

> sit down and talk with you when you get in a better frame of mind.

*Id.*  The Court finds that, even if the Petitioner can assert a claim of ineffective assistance against standby counsel, **c**ounsel's performance here was anything but ineffective.  Petitioner has not established that his standby counsel was deficient pursuant to the *Strickland* test, therefore, his claim must fail.

Next, Petitioner contends that standby counsel was ineffective in failing to object to the "multiplicitous indictment" and in permitting Petitioner to be tried and sentenced under both 18 U.S.C. §§ 2113(d) and 924(c).  Again, assuming *arguendo* that Petitioner can even assert this ineffective assistance claim against standby counsel, the claim also fails on other grounds.  Although the Supreme Court held in *Simpson v. United States*, 435 U.S. 6 (1978), that a defendant tried for armed bank robbery may not be sentenced for violating both § 924(c) and § 2113(d), Congress has since amended § 924(c) to make clear that it applied to

> felonious crimes of violence including those which imposed enhanced punishment if committed by the use of a deadly weapon.  The amendment makes the punishment imposed by § 924(c) for the use of a dangerous weapon additional to the punishment imposed for the crime of violence committed by the use of a deadly weapon.  In short, . . . Congress intended for the imposition of cumulative punishment for violation of armed

bank robbery, § 2113(d), and use of a dangerous weapon, § 924(c).

***United States v. Shavers*, 820 F.2d 1375, 1378 (4th Cir. 1987).**  Thus,

there is no double jeopardy violation in sentencing a defendant for

violations of § 2113(d) and § 924(c) and imposing consecutive sentences.

*Id.*  Therefore, even if Petitioner's standby counsel were not acting in such

a capacity, he did not provide ineffective assistance in failing to object to

the imposition of these sentences.


**C.**   **Petitioner's Remaining Claims Are Procedurally Barred**

Petitioner presents several arguments in his motion to vacate and

amendment that could have been raised on direct appeal but were not.

Specifically, Petitioner asserts that the Court erred in sentencing him under

18 U.S.C. § 922(g) because his prior conviction under South Carolina law

did not constitute a violent felony for which his civil rights were removed

and not restored; that items seized by law enforcement officers prior to his

arrest were seized in violation of the Fourth Amendment; and that

Petitioner's indictment  was deficient in that it did not specify the type of

firearm used.

Petitioner's failure to challenge these claims on direct appeal bars any review pursuant to 28 U.S.C. § 2255. A claim raised for the first time in a § 2255 petition is generally not cognizable in federal courts. **See United States v. Landrum, 93 F.3d 122, 124 (4th Cir. 1996).** "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" **Bousley v. United States, 523 U.S. 614, 621-22 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)) (other citations omitted).** "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." **United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)); see also, Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).**

"Cause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim." **Murray v. Carrier, 477 U.S. 478, 492 (1986); see also, Turner v. Jabe, 58 F.3d 924, 927 (4th Cir. 1995).** In order to establish "actual prejudice" the defendant

must show "not merely that the errors at his trial creat[ed] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." **Frady, 456 U.S. at 170.** Actual innocence means factual innocence, not merely legal insufficiency. **Bousley, 523 U.S. at 623**. In order to establish actual innocence, Petitioner must show that based on all the evidence "it is more likely than not that no reasonable juror would have convicted him." **Id. (quotation omitted).**

As to the second and third issues, Petitioner does not articulate cause and prejudice and, therefore, they are barred from review.[4]  With respect to the first claim, Petitioner states that he is entitled to the actual innocence exception as to Count Four charging a violation of § 922 (g)(1). Petitioner contends that his prior conviction, upon which his § 922(g)(1) conviction is based, cannot support this conviction because his civil rights

---

[4] To the extent that Petitioner now claims that his appellate counsel was ineffective for failing to raise these issues on appeal, the Court notes that Petitioner did not raise these ineffective assistance of counsel claims in either his motion to vacate or the amendment thereto.  Moreover, Petitioner does not specifically argue that counsel's failure to raise the issues should overcome the procedural bar.  Finally, such claim is now time barred and does not relate back to claims originally raised in Petitioner's motion to vacate.  Therefore, the Court will not consider Petitioner's new claims that his appellate counsel was ineffective.

were restored after he successfully completed his suspended sentence of probation.  Therefore, Petitioner argues, he is actually innocent of the § 922 (g)(1) conviction.  Petitioner also argues that his counsel's failure to raise the issue on appeal constitutes cause and prejudice necessary to overcome procedural bar.

Petitioner has not established that his civil rights were restored following his 1995 conviction for strong arm robbery in South Carolina. Therefore, his actual innocence argument fails.  Moreover, this issue was briefed, argued and denied before trial.  **See Motion to Dismiss Count Four and Supporting Memorandum, filed March 20, 2003; Government's Response to Defendant's Motion to Dismiss Count Four, filed March 31, 2003; Trial Transcript, Vol. I, at 7-11, 15-16.**  With respect to his claim that counsel was ineffective for failing to raise this claim on direct appeal, appellate counsel is permitted wide latitude in determining which claims are most likely to succeed on appeal and are worthy of merit.  ***See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983); *Fisher v. Lee*, 215 F.3d 438, 457 (4th Cir. 2000)**.  Furthermore, such claim does not have merit for the reasons stated above.  Petitioner's claim that the Court erred in sentencing him under 18 U.S.C. § 922(g) because his

prior conviction under South Carolina law did not constitute a violent felony for which his civil rights were removed and not restored is procedurally barred because he did not raise such claim on direct appeal.  And, Petitioner has not established cause and prejudice or that he is actually innocent of the crime charged.

**D.    Petitioner Has Not Established a *Booker* Violation**

Petitioner contends that this Court violated his Sixth Amendment right to a jury trial under *United States v. Booker*, 543 U.S. 220 (2205), by failing to submit the question whether he brandished a firearm to the jury. As the Fourth Circuit Court of Appeals has made clear, *Booker* is not applicable retroactively to cases on collateral review.  ***United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005).**  Additionally, Petitioner presented the same substantive claim on direct appeal,[5] and the Fourth Circuit held that Petitioner's "indictment specifically charged [hm] with brandishing a firearm . . . [and] [b]ecause the charge of brandishing a weapon was presented to and found by a jury," Petitioner's sentence did not violate his

---

[5] Except that on appeal, Petitioner argued his sentence violated the Supreme Court's holding in *Blakely v. Washington*.

Sixth Amendment rights. ***Gripper*, 122 F.3d at 19.** Under the law, it is well settled that in the absence of a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. ***Davis v. United States*, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976).** Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, the claim is procedurally barred.

**E.      New Claims Raised in Reply Brief Are Not Properly Before The Court**

In Petitioner's response to the Government's motion for summary judgment, he raised for the first time several issues not previously asserted in either his original motion or amendment, that being, other ineffective assistance of counsel claims and challenges to the calculation of his criminal history points. These claims are not properly before the Court as they were not raised in Petitioner's motion to vacate or in a timely filed

motion to amend.[6]  Therefore, Petitioner's new claims will not be

addressed.


## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is

**GRANTED IN PART AND DENIED IN PART,** as is reflected by the

Judgment filed herewith.

---

[6] Even if Petitioner were to file a motion to amend, such motion would be denied.  Indeed, Petitioner's case became final for purposes of collateral review on or about April 28, 2006.  Petitioner's opposition to the government's motion for summary judgment, which included claims not raised in Petitioner's motion to vacate, was filed on December 26, 2007 - well beyond the Antiterrorism and Effective Death Penalty Act's one-year limitation period.  **28 U.S.C. § 2255**.  Furthermore, Petitioner's new claims of ineffective assistance of counsel and the challenge to the calculation of his criminal history points do not relate back to the claims raised in his motion to vacate.  *See United States v. Pittman*, **209 F.3d 314 (4th Cir. 2000);** *see also United States v. Craycraft*, **167 F.3d 451, 456-57 (8th Cir. 1999) (counsel's failure to file an appeal as instructed did not relate back to ineffective assistance of counsel claims for failure to pursue a downward departure and to object to the types of drugs at issue);** *United States v. Duffus*, **174 F.3d 333 (3d Cir. 1999) (ineffective assistance of counsel claim for failure to move to suppress evidence did not relate back to several ineffective assistance of counsel claims in his original motion).**

**IT IS FURTHER ORDERED** that the Petitioner's "Motion for Judgment in the Affirmative For Effect of Failure to Deny, Pursuant to Rule 8(d) of the Rules of Civil Procedure," filed February 1, 2008, and again on June 20, 2008, are **DENIED** as moot.

Signed: July 2, 2008

Lacy H. Thornburg
United States District Judge